| | |
|---|---|
| DeCHERI HAFER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOMESITE INSURANCE,<br><br>　　　　　Defendant. | Case No.  1:23-cv-00656-SKO<br><br>FIRST SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　Plaintiff DeCheri Hafer is proceeding pro se and *in forma pauperis* in this action.  Plaintiff filed her complaint in the Sacramento Division of this Court on January 9, 2023.  (Doc. 1).  The case was transferred, *sua sponte*, to the Fresno Division on April 28, 2023.  (*See* Doc. 5.)  Upon review, the Court concludes that the complaint fails both to establish federal court jurisdiction and to state any cognizable claims.

　　　Plaintiff has the following options as to how to proceed.  Plaintiff may file an amended complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a statement with the Court stating that she wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the

district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

**I.     SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). . A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept

as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff prepared her complaint on a form titled "Complaint for a Civil Case" (Doc. 1.) Under "Basis for Jurisdiction," she checked the box for "Diversity of citizenship." (*Id*. at 3.) She states she is a citizen of California, and that the sole defendant, Homesite Insurance, is incorporated under the laws of the State of New Jersey, with its principal place of business in New Jersey. (*Id*.)

Plaintiff alleges Defendant "committed insurance fraud by declaring Plaintiff is/was insured when [she] wasn't insured against property theft," and that her claim for property lost due to a theft in December 2020 was denied. Plaintiff also alleges that she lost several lawsuits that she filed in Kern County Superior Court because of Defendant's "insurance fraud." (Doc. 1 at 6.) Plaintiff seeks $2 billion dollars in damages. (*Id*.)

## III. DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not establish federal court jurisdiction nor does it state any cognizable claims. Plaintiff shall be provided with the applicable legal standards and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.  Diversity Jurisdiction**

Plaintiff alleges that this Court has subject matter jurisdiction based on diversity of citizenship. (Doc. 1 at 3.) Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." In other words, the plaintiff and the defendants must be citizens of different states to satisfy the complete diversity requirement of section 1332. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen

of the same state as any of the defendants); *Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that diversity jurisdiction requires "complete diversity of citizenship")).

Here, Plaintiff alleges that she is a citizen of California, and that Defendant is a citizen of New Jersey, establishing diversity of the parties. Plaintiff also alleges that the amount in controversy for this action is $2 billion dollars. This amount, however, appears to be wholly unsubstantiated. Plaintiff's claims appear to be based on Defendant's alleged representations regarding renter's insurance coverage for property theft, yet the exhibits attached to the complaint itemizing the allegedly stolen property indicates a total value of $38,600. (*See* Doc. 1 at 11.) Thus, it is not clear to the Court how Plaintiff arrived at the alleged amount in controversy. Moreover, the complaint lacks any information as to the subject insurance policy limits, which likely is a relevant factor in determining the total damages or amount in controversy.

"The amount in controversy alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive dispute—controls so long as the claim is made in good faith." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Here, it is not clear that Plaintiff's $2 billion dollar claim was made in good faith. Should Plaintiff elect to file an amended complaint, she must substantiate her alleged $2 billion amount in controversy by submitting declarations and other evidence specifying the nature and amount of Plaintiff's damages and by providing declaration evidence regarding the subject insurance policy's limits.

**B.     Rule 8**

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give

4

the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Here, there are no factual allegations in the complaint that identify the basis of the claim. The complaint alleges in a vague and conclusory manner that Defendant engaged in "insurance fraud" by "declaring Plaintiff was/is insured" and as a result her "claim for property lost was [] denied" and she also lost several Kern County state court cases. (Doc. 1 at 6.) It is not clear, however, how the alleged conduct by Defendant establishes her claim.[1]

Plaintiff must set forth factual allegations against Defendant sufficient to state a claim. If Plaintiff elects to amend her complaint, she must state the legal basis for the claim, and identify how the facts alleged support and show that the defendant committed the violation asserted as the legal basis for the claim. *See* Fed. R. Civ. P. 8(a). The failure to do so shall result in dismissal of this action.

**C.     Legal Standards**

In the event Plaintiff amends her complaint and can establish a basis for federal jurisdiction, the Court provides the legal standard for pleading a cause of action for fraud.

Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

Rule 9(b) of the Federal Rules of Civil Procedure requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be 'specific enough to give defendants notice of the particular misconduct . . . so that [they] can defend against the charge and not just deny that she has done anything wrong.'" *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct

---

[1] To the extent that Plaintiff is seeking to pursue a claim for under the Insurance Fraud Prevention Act (Cal. Ins. Code. § 1871 et seq.)—as opposed to common law fraud perpetrated by an insurer—such claim cannot be the basis for personal damages under California law. *See California v. AbbVie Inc*., 390 F. Supp. 3d 1176, 1181 (N.D. Cal. 2019) ("As a relator under the IFPA, Suarez is suing in the name of the state and has no personal claim or right to vindicate, and no possibility of recovering personal damages for himself.").

charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). *see also United States ex rel. Cafasso, v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011) ("[A] pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.' ") (alterations in original). A party alleging fraud must "set forth more than the neutral facts necessary to identify the transaction." *Vess*, 317 F.3d at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994), superseded by statute on other grounds).

Here, Plaintiff alleges that Defendant engaged in "insurance fraud," but does not set forth any specific facts about any misrepresentation made by Defendant. She also does not plead that Defendant knew any misrepresentation was false at the time it was allegedly made and intended to deceive Plaintiff. Thus, Plaintiff has failed to allege a cognizable fraud claim in accordance with Rule 9(b) and California law. *See In re GlenFed, Inc. Sec. Litig*., 42 F.3d at 1547 n.7 (Pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.); *Vess,* 317 F.3d at 1105.

**D.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so Plaintiff can have the opportunity to substantiate the amount in controversy for purposes of subject matter jurisdiction and provide additional true factual allegations would state cognizable claims. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Plaintiff is granted leave to file an amended complaint within thirty days. If Plaintiff files an amended complaint, she should plead additional facts that address Rule 9(b)'s heightened pleading standard insofar as any fraud-based claims are concerned. Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty*., 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or

superseded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of the defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint.  If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may choose to stand on her complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal.

### IV.    ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint;
   b. Notify the Court in writing that she wants to stand on this complaint; or
   c. File a notice of voluntary dismissal.
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:23-cv-00656-SKO; and
3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **June 8, 2023**                    /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE