UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeCHERI HAFER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOMESITE INSURANCE,<br><br>　　　　Defendant. | Case No.  1:23-cv-00656-SKO<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DIMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND LOCAL RULES AND FAILURE TO PROSECUTE<br><br>(Doc. 7)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff DeCheri Hafer is proceeding pro se and *in forma pauperis* in this action. Plaintiff filed a complaint in the Sacramento Division of this Court on January 9, 2023. (Doc. 1). The case was transferred, *sua sponte*, to the Fresno Division on April 28, 2023. (*See* Doc. 5.)

On June 8, 2023, the Court issued an order finding that the complaint neither establishes federal court jurisdiction nor states any cognizable claims. (Doc. 7)  Plaintiff was granted leave to file a first amended complaint within thirty days, and was cautioned that the failure to comply with the Court's order could result in a recommendation that this action be dismissed. (*See id*. at 7.) More than thirty days have passed, and Plaintiff has failed to file an amended complaint or otherwise respond to the Court's screening order.

Further, when served at Plaintiff's address of record, the screening order was returned as undeliverable on June 15, 2023. (*See* Docket.)  Local Rule 183(b) provides that:

1

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b).  Although more than sixty-three days have passed since the order was returned as undeliverable, Plaintiff has not contacted the Court to provide their current address, request an extension, or to otherwise explain their lack of compliance with the order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause within twenty-one (21) days of the date of service of this order why the action should not be dismissed for Plaintiff's failure to comply with the Court's order and Local Rules and failure to prosecute.  Alternatively, within this same time period, Plaintiff may file a first amended complaint or a notice of voluntary dismissal.  The Court further CAUTIONS Plaintiff that, if they fail to take action within twenty-one days of the date of service of this order, the Court will recommend to an assigned district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at their address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:  **September 1, 2023**                          /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE