UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeCHERI HAFER,<br><br>            Plaintiff,<br><br>     v.<br><br>HOMESITE INSURANCE,<br><br>            Defendant. | Case No.  1:23-cv-00656-SKO<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND LOCAL RULES AND FAILURE TO PROSECUTE<br><br>(Doc. 8)<br><br>TWENTY-ONE DAY DEADLINE<br><br><u>Clerk to Assign a District Judge</u> |

   Plaintiff DeCheri Hafer is proceeding pro se and *in forma pauperis* in this action.  Plaintiff filed a complaint in the Sacramento Division of this Court on January 9, 2023.  (Doc. 1).  The case was transferred, *sua sponte*, to the Fresno Division on April 28, 2023.  (*See* Doc. 5.)

   On June 8, 2023, the Court issued an order finding that the complaint neither establishes federal court jurisdiction nor states any cognizable claims.  (Doc. 7)  Plaintiff was granted leave to file a first amended complaint within thirty days, and was cautioned that the failure to comply with the Court's order could result in a recommendation that this action be dismissed.  (*See id*. at 7.)  More than thirty days have passed, and Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order.

1

When served at Plaintiff's address of record, the screening order was returned as undeliverable on June 15, 2023.  (*See* Docket.)  Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b).  Although more than sixty-three days have passed since the order was returned as undeliverable, Plaintiff has not contacted the Court to provide her current address, request an extension, or to otherwise explain her lack of compliance with the order.

On September 5, 2023, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for her failure to comply with the Court's screening order.  (Doc. 8.)  When served at Plaintiff's address of record, the OSC was also returned as undeliverable on September 13, 2023.  (*See* Docket.)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the order screening her complaint, the OSC, and her failure to keep her address updated, there is no alternative but to recommend that the action be dismissed for failure to obey court orders, local court rules, and

failure to prosecute this action.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to obey the Court's orders and local rules and the failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk to assign a district judge to this case and to send a copy of this Order to Plaintiff at her address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **October 3, 2023**              /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE